# EXHIBIT 1

IN THE CIRCUIT COURT FOR FAYETTE COUNTY, TENNESSEE

JENNA W. THOMAS, as surviving spouse of )
BEAU PATRICK THOMAS, deceased, )
individually, and in her representative )
capacity as next friend of her minor children, )
HARRISON BEAU THOMAS and OLLIE )
JAMES THOMAS, and CHARLES )
"TERRY" VANDERFORD, JR., )
                                             ) NO. 21-CV-58
Plaintiffs, )
                                             ) JURY DEMAND
v. )
                                             )
C&K TRUCKING, LLC, RONALD D. )
BLACK, and NORFOLK SOUTHERN )
RAILWAY COMPANY, )
                                             )
Defendants.

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs and file this Complaint against Defendants, C&K Trucking LLC (hereinafter "C&K"), Ronald D. Black (hereinafter "Black"), and Norfolk Southern Railway Company ("NSRC") ("C&K," "Black," and "NS" collectively "Defendants"), stating as follows:

### PARTIES – JURISDICTION – VENUE

1.      At all times relevant to this Complaint, Plaintiff Jenna W. Thomas was and is a natural person and citizen and resident of the state of Mississippi where she lived with her minor children, Harrison and Ollie, and her lawfully wedded husband, Beau Patrick Thomas, until his death on November 5, 2020.

2.      At all times relevant to this Complaint, Plaintiff Charles "Terry" Vanderford, Jr. was and is a natural person and citizen and resident of the state of Mississippi.

3.      Defendant C&K is an Illinois limited liability company operating a commercial trucking firm specializing in drayage, with its principal office located at 6205 W 101st Street

Chicago, IL 60415.

4.      Defendant C&K regularly does business in the state of Tennessee and is subject to the jurisdiction of this court.

5.      Defendant Black is an individual Tennessee resident residing in Shelby County, Tennessee.

6.      Defendant NSRC is a Virginia company operating a freight railroad in North America with its principal office located at 650 W. Peachtree St. NW, Atlanta, GA 30308-1925.

7.      The incident giving rise to this action was a motor vehicle collision that occurred in Fayette County, Tennessee.

8.      Jurisdiction is proper in this Court.

9.      Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101(a) because Black resides in this County.

## NATURE OF THE CASE

10.     Plaintiffs' cause of action against Defendants arises out of events that occurred on November 5, 2020 at the Rossville intermodal railyard in Rossville, Tennessee (the "Rossville Yard").

11.     At all times material to this Complaint, Black was an agent and/or an employee of C&K acting within the line and scope of his agency and/or employment with C&K.

12.     Black is an agent of and for C&K in all matters arising from this incident as a matter of law.

## FACTUAL ALLEGATIONS

13.     In the Rossville Yard on November 5, 2020 at approximately 9:20 p.m., Beau Patrick Thomas was in the driver seat of a 2016 Chevrolet Traverse SUV.

14. Terry Vanderford was a passenger in the SUV.

15. The SUV was parked adjacent to a rail tracks near a rail crossing.

16. The SUV was parked facing the rail tracks.

17. The SUV was situated to protect the rail crossing.

18. At the same time, Defendant Black, a commercial truck driver, was operating a 2000 Freightliner tractor attached to a loaded intermodal chassis trailer (the "tractor trailer") under and pursuant to a lease agreement with C&K and under C&K's assigned DOT number.

19. Black drove the tractor trailer north on the roadway parallel to the rail tracks.

20. Black turned west to cross a rail crossing.

21. The rail crossing Black attempted to cross was north of where the SUV was parked.

22. The rail crossing Black attempted to cross was blocked by an NSRC train occupying the track.

23. Black turned the tractor trailer to travel south on the roadway parallel to the track (back in the direction had just come from).

24. Black drove towards the rail crossing where the SUV was parked.

25. Black turned the tractor trailer west toward the track.

26. Black drove the tractor trailer adjacent to the parked SUV.

27. Black drove the tractor trailer toward the track already occupied by the NSRC train.

28. As Black turned his tractor trailer towards the track, the NSRC train traveled southbound toward the same rail crossing.

29. The NSRC train was performing a shove movement on the track towards the same

rail crossing.

30.    The NSRC train was configured such that locomotives were located on the north end of the train (opposite the rail crossing) and pushing the train cars southbound (towards the rail crossing).

31.    Black was fully aware of the presence of the moving train on the track.

32.    Black chose not to stop at the rail crossing.

33.    Black drove the tractor trailer through the rail crossing in the path of a moving train.

34.    Black was trying to "beat the train" through the crossing.

35.    Black had to drive around the SUV to attempt to "beat the train" with a loaded tractor trailer.

36.    Black's trailer, holding the intermodal container, was struck by the NSRC train.

37.    Black's overturned trailer landed on the SUV (the "incident").

38.    Black is at fault for the incident.

39.    Beau Patrick Thomas and Charles Vanderford were in the SUV when the trailer landed on it.

40.    Because of the incident, Beau Patrick Thomas suffered injuries that were ultimately fatal.

41.    Because of the incident, Terry Vanderford was trapped inside the crushed SUV and suffered physical and mental injuries.

## COUNT I – NEGLIGENCE- DEFENDANT BL ACK

42.    Plaintiffs re-allege paragraphs 1-41 above as if each was set forth in its entirety.

43.    Black had a duty to operate his tractor trailer in a non-negligent manner and to

obey and follow all rules of the road as well as all rules of the intermodal yard regarding the operation of a tractor trailer within yard limits.

44.  In failing to stop for the crossing, failing to yield to the oncoming train, and failing to keep a proper lookout, Black breached the duties he owed to Beau Patrick Thomas and Terry Vanderford.

45.  Black violated Tenn. Code Ann. § 55-8-145(a)(4) by failing to stop at least 15 feet away from the nearest rail of the railroad, and by failing to wait until Black could safely proceed across the crossing.

46.  Black's conduct was negligent.

47.  Black's violation of the law was negligence per se.

48.  Black's negligence and negligence per se directly and proximately caused the injuries to and death of Beau Patrick Thomas.

49.  Black's negligence and negligence per se directly and proximately caused the injuries to Terry Vanderford.

### COUNT II –RECKLESS ACTIONS OF DEFENDANT BLACK

50.  Plaintiffs re-allege paragraphs 1-49 above as if each was set forth in its entirety.

51.  Black operated the tractor trailer with reckless disregard for the safety of persons and/or property as he knew of the presence of the moving train on the track and the clear presence of the SUV adjacent to the track. Notwithstanding his knowledge, he willfully chose not to stop at the crossing and instead, purposefully and recklessly with disregard for the safety of persons, including Beau Patrick Thomas and Terry Vanderford, attempted to beat the train through the crossing.

52.  Black's conduct was reckless.

53.    Black's reckless conduct directly and proximately caused the injuries to and death of Beau Patrick Thomas.

54.    Black's reckless conduct directly and proximately caused the injuries to Terry Vanderford.

## COUNT III - NEGLIGENT AND RECKLESS HIRING, TRAINING AND SUPERVISION OF DEFENDANT C&K

55.    Plaintiffs re-allege paragraphs 1-54 above as if each was set forth in its entirety.

56.    Defendant C&K was negligent and reckless in hiring and/or engaging Defendant Black and entrusting him to drive a tractor trailer.

57.    Defendant C&K was negligent and reckless in failing to properly train Defendant Black and recklessly disregarded that the failure to properly train Black would result in injury and death to persons like Beau Patrick Thomas and Terry Vanderford.

58.    Defendant C&K's negligence and recklessness in hiring and/or engaging Defendant Black and entrusting him with driving a commercial vehicle and failing to train and supervise him properly directly and proximately caused the incident, Beau Patrick Thomas' injuries and death, and Terry Vanderford's injuries.

## COUNT IV – AGENCY & IMPUTED LIABILITY- DEFENDANT C&K

59.    Plaintiffs re-allege paragraphs 1-58 above as if each was set forth in its entirety.

60.    At the time of the incident Black was operating the tractor trailer under dispatch for C&K pursuant to a lease agreement with C&K pursuant to which the tractor trailer was operating under the DOT number of C&K.

61.    At all times pertinent hereto, Black was operating the tractor trailer on behalf of C&K and acting as the agent of C&K.

62.    C&K is an interstate motor carrier, and pursuant to federal and state laws, is

responsible for the actions of its driver Black in regard to the incident described in this complaint under the doctrines of lease liability, agency and apparent agency.

63.     The negligent and reckless acts of Black are imputed to C&K as a matter of law imposing liability on C&K for all said acts.

## COUNT V – NEGLIGENCE OF DEFENDANT NSRC

64.     Plaintiff's re-allege paragraphs 1-63 above as if each was set forth in its entirety.

65.     Defendants C&K and Black filed an answer alleging fault against Defendant NSRC and employees of Defendant NSRC.  Based on the allegations by Defendants C&K and Black, Defendant NSRC is at fault, including for vicarious liability for its employees.  To the extent the allegations of Defendants C&K and Black are directed towards conduct by Plaintiffs, Plaintiffs deny the allegations.

## DAMAGES FOR THE INJURIES TO AND DEATH OF
## BEAU PATRICK THOMAS

66.     Plaintiffs re-allege paragraphs 1-65 above as if each was set forth in its entirety.

67.     As a direct and proximate result of the negligence, breaches of duties, recklessness and violations of rules and law by all Defendants, Beau Patrick Thomas suffered injuries and died and therefore Plaintiff Jenna W. Thomas, individually and in her representative capacity, seeks compensation for each and all of the following:

a.     Pre-death pain, suffering, and the loss of enjoyment of life of Beau Patrick Thomas;

b.     Medical bills and funeral expenses;

c.     The total and full economic value of the life of Beau Patrick Thomas, deceased;

d.     On behalf of her minor child Harrison Beau Thomas compensation for the

loss of the relationship including the loss of attention, guidance, care, protection, training, companionship, cooperation, affection, and love that he would have had with his father Beau Patrick Thomas, deceased;

e.     On behalf of her minor child Ollie James Thomas compensation for the loss of the relationship including the loss of attention, guidance, care, protection, training, companionship, cooperation, affection, and love that he would have had with his father Beau Patrick Thomas, deceased; and

f.     Plaintiff Jenna W. Thomas' individual loss of attention, guidance, care, protection, training, companionship, cooperation, affection, and love that she would have had with her husband Beau Patrick Thomas, deceased.

68.    Plaintiff Jenna W. Thomas seeks and is entitled to recover punitive damages against Defendants C&K and Black because those Defendants' reckless and willful acts and omissions, to be demonstrated by clear and convincing evidence, caused the injuries to and death of Beau Patrick Thomas.

## DAMAGES FOR THE INJURIES TO
## TERRY VANDERFORD

69.    Plaintiffs re-allege paragraphs 1-68 above as if each was set forth in its entirety.

70.    As a direct and proximate result of the negligence, breaches of duties, recklessness and violations of rules and law by all Defendants, Terry Vanderford suffered mental and physical injuries and therefore Plaintiff Terry Vanderford seeks compensation for each and all of the following:

a.     Mental and physical pain and suffering, past present and future;

b.     Medical bills and future medical expenses;

c.     Lost wages, past and future including future loss of earning capacity;

      d.      Loss of fringe benefits in the present and future.

71.      Plaintiff Terry Vanderford seeks and is entitled to recover punitive damages against Defendants C&K and Black because those Defendants' reckless and willful acts and omissions, to be demonstrated by clear and convincing evidence, caused the injuries to Terry Vanderford.

72.      All Defendants are jointly and severally liable to Plaintiffs for any and all injuries and damages suffered as a result of their negligence and recklessness.

WHEREFORE, Plaintiffs demand:

      a.      that a jury be empanelled to try this cause;

      b.      an award of compensatory damages for the injuries to and death of Beau Patrick Thomas in an amount to be determined by the jury;

      c.      an award of punitive damages against Defendants C&K and Black for the injuries to and death of Beau Patrick Thomas in an amount to be determined by the jury;

      d.      an award of compensatory damages for the injuries to Terry Vanderford in an amount to be determined by the jury;

      e.      an award of punitive damages against Defendants C&K and Black for the injuries to Terry Vanderford in an amount to be determined by the jury;

      f.      that the judgment entered against Defendants C&K and Black for compensatory and punitive damages indicate that the liability of each is joint and several;

      g.      an award of post-judgment interest; and

      h.      all court costs be taxed against the Defendants.

Respectfully submitted,

Brandon E. Bass, BPR# 22014
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone:      615.742.4880
Facsimile:      615.742.4881
bbass@johndaylegal.com

and

John D. Steel, *admitted pro hac vice*
Georgia Bar No. 677646
John A. Moss, *admitted pro hac vice*
Georgia Bar No. 526579
Steel & Moss, LLP
The Fountains at Piedmont Center
3495 Piedmont Road, N.E. Building 11,
Suite 905
Atlanta, GA  30305
Telephone:      404.264.1292
Facsimile:      404.264.0161
jsteel@steel-moss.com
jmoss@steel-moss.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that, on January 31, 2022, a true and correct copy of the foregoing document has been served by U.S. Mail, properly addressed and first-class postage prepaid, on the following:

Carl K. Wyatt, Jr.
Glassman, Wyatt, Tuttle & Cox, P.C.
26 North Second Street
Memphis, TN 38103
*Attorney for Defendant C&K Trucking, LLC*

Larry "Jimmy" Peters
Schwed, Adams & McGinley, P.A.
88 Union Avenue
11th Floor, Suite 1100
Memphis, TN 38103
*Attorney for Plaintiff Ronald Black*

and with the original summons on the following:

Norfolk Southern Railway Company
Through its registered agent for service of process, CT Corporation System
300 Montvue Rd
Knoxville, TN  37919-5546

_____
Brandon E. Bass