# EXHIBIT 2

IN THE CIRCUIT COURT OF FAYETTE COUNTY, TENNESSEE
FOR THE TWENTY FIFTH JUDICIAL DISTRICT AT SOMERVILLE

JENNA W. THOMAS, as surviving Spouse of
BEAU PATRICK THOMAS, Deceased, in her
Representative capacity as next friend of her
Minor Children, HARRISON BEAU THOMAS
and OLLIE JAMES THOMAS, and CHARLES
"TERRY" VANDERFORD, JR.,

     Plaintiff,

vs.

C&K TRUCKING, LLC and RONALD BLACK,

     Defendant.                    Case No: 21CV58

and                                  Jury Demanded

RONALD BLACK,

     Counter Plaintiff/Third-Party Plaintiff

vs.

JENNA W. THOMAS, as representative of the
estate of BEAU PATRICK THOMAS,
CHARLES "TERRY" VANDERFORD, HARRY
POOLE, and NORFOLK SOUTHERN
RAILWAY COMPANY

     Counter Defendants/Third-Party
     Defendants

**RONALD BLACK'S COUNTERCLAIM AGAINST THE ESTATE OF BEAU PATRICK THOMAS AND CHARLES "TERRY' VANDERFORD AND THIRD-PARTY COMPLAINT AGAINST NORFOLK SOUTHERN RAILWAY COMPANY AND HARRY POOLE**

**COMES NOW** the Plaintiff, Ronald Black, and would show unto the Court as follows:

Case No.: 21CV58
Page 2 of 5

## I.

That your Counter-Plaintiff/Third-Party Plaintiff, Ronald Black, is a resident citizen of Shelby County, Tennessee; that your Third-Party Defendant, Norfolk Southern Railway Company ("Norfolk"), is a Foreign For-Profit Corporation registered and authorized to do business in The State of Tennessee; that your Third Party Defendant Harry Poole is assumed to be a resident citizen of Colbert County, Alabama; that your Counter-Defendant, Charles Vanderford, is assumed to be a resident citizen of Alcorn County, Mississippi; that your deceased Counter-Defendant, Beau Patrick Thomas, is assumed to be a resident of Desoto County, Mississippi.

## II.

That your Third-Party and Counter-Defendants, Harry Poole, Charles Vanderford, and Beau Patrick Smith, were at all relevant times agents or employees of the Third-Party Defendant, Norfolk Southern Railway, were acting in the course and scope of their agency or employment and for the benefit of Norfolk Southern Railway. Therefore, Norfolk Southern Railway is liable to Ronald Black for the negligent acts committed by Harry Poole, Charles Vanderford, and Beau Patrick Smith pursuant to the doctrine of *respondeat superior* and for any negligence of its own.

## III.

That on or about November 5, 2020, Third-Party/Counter Plaintiff, Ronald Black, was a business invitee of the Norfolk Southern Rail Yard, owned and operated by the Third-Party Defendant, Norfolk Southern Railway Company, and located at 3000 Norfolk Southern Way, Rossville, Fayette County, Tennessee. That Third-Party/Counter Plaintiff was leaving the premises after having his truck loaded in section #10 of the railyard. That Third-Party Plaintiff Ronald Black traveled south before turning to cross the train tracks. That Third-Party Defendant Norfolk's employees negligently failed to give Third-Party Plaintiff Ronald Black an adequate

2

Case No.: 21CV58
Page 3 of 5

signal to notify him the train was moving or about to move. Due to the lack of an adequate signal from Third-Party and Counter Claim Defendants, Third-Party and Counter Claim Defendants not checking the crossing, and Third-Party and Counter Claim Defendants not ensuring the railway was clear for the train to proceed, Third-Party and Counter Claim Defendants are liable for the accident and the damages Third-Party Plaintiff, Ronald Black, received.  Third-Party Plaintiff Ronald Black was crossing the train tracks when suddenly and without warning, Third-Party Plaintiff Ronald Black was struck by Third-Party Defendants' locomotive causing Third-Party/Counter Plaintiff's vehicle to flip and roll over causing serious injury to your Third-Party Plaintiff.

**IV.**

At all times material to this Third-Party Complaint, the Third-Party Defendant, Norfolk Southern Corporation, had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1.    The Third-Party Defendants and Third-Party Defendant employees, including Cross Claim Defendants, had a duty to warn invitees, like Third-Party Plaintiff, when a train was in motion on the tracks.

2.    The Third-Party Defendants and Third-Party Defendant employees, including Cross Claim Defendants, failed to signal or indicate in any way that the train was in motion or soon to be in motion.

3.    The Third-Party Defendants and Third-Party Defendant employees, including Cross Claim Defendants, failed to provide any adequate warning the train was in motion prior to Third-Party Plaintiff crossing the tracks.

3

4.      The Third-Party Defendants and Third-Party Defendant employees, including Cross Claim Defendants, failed to sound the train's horn prior to putting the train in motion to warn Third-Party Plaintiff the train was in motion or about to go into motion.

5.      That Third Party Defendants and Third-Party Defendant employees failed to maintain a proper look out while the train is in motion or prior to the train being in motion.

## V.

As a direct and proximate result of the negligence of the Third-Party Defendants and Counter Claim Defendants, and resulting accident, the Third Party Plaintiff, Ronald Black, suffered serious, painful and permanent injuries, lost wages, and mental anguish; Third-Party Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Third-Party Plaintiff capacity for pleasure, business, work and the enjoyment of life have been impaired.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1.      That proper process issue against the Third-Party Defendants and Counter Claim Plaintiffs requiring them to plead and answer.

2.      That Third-Party Plaintiff, Ronald Black, be awarded compensatory damages in the amount of NINE-HUNDRED FIFTY THOUSAND and 00/100 ($950,000.00) DOLLARS.

3.      That the Third-Party/Counter Claim Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

4.      That Third-Party/Counter-Defendants be assessed the court costs in this matter.

5.      Third-Party/Counter Claim Plaintiff demands a Jury to try these issues when joined.

Case No.: 21CV58
Page 5 of 5

Respectfully submitted this 10th day of January 2022

_____
Larry "Jimmy" Peters, Esq. (#37889)
Email: Jpeters@schwedlawfirm.com
Attorney for Plaintiff
Schwed, Adams & McGinley, P.A.
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

## CERTIFICATE OF SERVICE

I, Larry Jimmy Peters, do hereby certify that a true and correct copy of the foregoing was sent for service on this the 10th day of January, 2021, to: Brandon E. Bass, Law Offices of John Day, P.C., 7573, 5141 Virginia Way #270, Brentwood, TN 37027, bbass@johndaylegal.com; John A. Day, Law Offices of John Day, P.C., 7573, 5141 Virginia Way #270, Brentwood, TN 37027, jday@johndaylegal.com; Carl Wyatt, Glassman, Wyatt, Tuttle &Cox, P.C, 26 N. 2nd Street, Memphis, TN  38103, cwyatt@gwtclaw.com; Party, C & K Trucking, LLC; John D. Steel, Steel & Moss, LLP, The Fountains at Piedmont Center, 3495 Piedmont Road, N.E., Building 11, Suite 905, Atlanta, GA 30305, jsteel@steel-moss.com; John A. Moss, Steel & Moss, LLP, The Fountains at Piedmont Center, 3495 Piedmont Road, N.E., Building 11, Suite 905, Atlanta, GA 30305, jmoss@steel-moss.com.

_____
Larry "Jimmy" Peters, Esq.

5