# EXHIBIT 4

# BB BOYLE BRASHER LLC

| S. Camille REIFERS* | ATTORNEYS AT LAW | 5000 W. MAIN STREET |
| :-- | :-: | --: |

**S. Camille REIFERS***
creifers@boylebrasher.com

*LICENSED IN TENNESSEE, ARKANSAS,
MISSISSIPPI, MISSOURI and ILLINOIS

ATTORNEYS AT LAW

BRINKLEY PLAZA
80 MONROE AVENUE, SUITE 410

## MEMPHIS, TN 38103

(901) 521-2860
FAX (901) 521-2861
www.boylebrasher.com

5000 W. MAIN STREET
P.O. BOX 23560
BELLEVILLE, IL 62223-0560
(618) 277-9000
FAX (618) 277-4594

1010 MARKET STREET
SUITE 950
ST. LOUIS, MO 63101
(314) 621-7700
FAX (314) 621-1088

February 1, 2022

**Transmittal via Email and U.S. Mail**
Carl Wyatt, Esq.
Glassman, Wyatt, Tuttle & Cox, P.C.
26 North Second Street
Memphis, TN 38103
(901) 527-2143
Facsimile: 901-527-5320
cwyatt@gwtclaw.com

Karen Blackwell
Protective Insurance

> Re: **Jenna W. Thomas, as surviving Spouse of Beau Patrick Thomas, Deceased, in her Representative capacity as next friend of her Minor Children, Harrison Beau Thomas and Ollie James Thomas, and Charles "Terry" Vanderford, Jr. v. C&K Trucking, LLC and Ronald Black (Circuit Court of Fayette County, Tennessee, Case No. 21CV58)**
>
> **Tender Request regarding all Claims, Cross-claims, Counter-claims, and third-party complaints regarding November 5, 2020 Rossville Intermodal Yard Incident**
>
> **Protective Claim No. XA-974/ZA-26920**
> **Primacy Claim No. CK201105**

Dear Mr. Wyatt and Ms. Blackwell,

I write in follow up to previous correspondence directed to your attention tendering all claims relating to the November 5, 2020 Rossville Intermodal Incident. Further, please refer to the prior correspondence on January 5, 2021, and October 29, 2021. To date, your client has not responded to the tenders.

In light of our past communications concerning the applicability of the UIIA under the

1

February 1, 2022
Page 2

circumstances relating to this incident, I reviewed the document again, and its language provides no exception to the indemnity provision simply because the incident giving rise to damages occurred on NS property. The exception to the indemnification provision at Section F.4.b. only applies in the event that the damages "occur[ed] during the presence of the Motor Carrier on the Facility Operator's premises and are caused by or result from the negligent or intentional acts or omissions of the indemnitees[.]". NS continues to deny any liability associated with the incident on November 5, 2020, and the UIIA does not exempt C&K or its driver, Ronald Black, from liability associated with its and/or his negligent acts on NS property. As such, the right of NS to invoke the indemnity provision under the circumstances is well-founded and appropriate under the terms of the UIIA.

Noting that NS is entitled to indemnification, I remind you of the additional obligation of C&K, referenced in the January 5, 2021 correspondence and pursuant to Section 6 of the UIIA, to maintain minimum insurance coverages. Assuming that C&K has complied with the UIIA's Section 6, its insurer has a duty to defend that is likely even broader than the indemnification obligations.

We look forward to receiving the response to our tender request from C&K as well as its insurance provider.

Sincerely,

Camille Reifers

2